J. B. BOSTIC CO. ET AL VS EGGLESTON.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 566).

1. *Statutes—Construction Given Statutes Adopted from other States.*
   When a statute is adopted by another state, it carries with it the construction given thereto by the highest court of the state from which adopted.
2. *Sunday Contracts—Validity of Lease—Ratification of Sunday Contracts.*
   A lease invalid because executed on Sunday in violation of Carter's Ind. Ter. Ann. St. 1899, § 1226, which provides that every person found laboring on Sunday or who shall compel his servant, shall be fined as therein prescribed, may be affirmed on a subsequent week day and be binding on the parties thereto.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Chas. W. Raymond, June 29, 1905.

Action by R. N. Eggleston against J. B. Bostic Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*De Roos Bailey* and *Thomas. H. Owen,* for appellants.

*Preston C. West,* for appellee.

LAWRENCE, J. Appellee, plaintiff below, brought his action against appellants to recover $950, alleged to be due upon a five-year lease, for the year 1904, which, by the terms of the alleged contract, the rent was payable in equal installments upon the 1st day of January each year. The appellants, defendants below, filed separate answers; Spangenberg's alleging the invalidity of the lease because executed upon Sunday, that the contract of leasing was an entirety as to the 940 acres of land leased, that he desired the entire tract, and not any part or parts of it, and the plaintiff had no authority or right

to lease the entire tract, that 320 acres comprised the allotment of infants, without legal guardian, and the pretended leasing as to so much of said tract was a nullity, and, furthermore, alleged that plaintiff falsely and fraudulently represented, for the purpose of making said leasing, that he held all of said tract by good and sufficient lease, and thereby obtained the execution of the lease. The other defendant omitted from its answer the defense of invalidity because executed on Sunday, and set up the defense of fraud, and, by way of counterclaim, a demand of $950, amount paid upon said lease for 1903. The cause was tried to a jury, which returned a verdict in favor of plaintiff, and against both defendants, for $322.80. Defendants each filed motions for new trial within the three-day limit, which were overruled by the court, and judgment was rendered on the verdict, and both defendants make a joint assignment of errors and a joint appeal bond.

Sixteen specific errors are assigned. The first is the error of the court in instructing the jury that all contracts entered into on Sunday are void, but may be ratified by the acts or conduct of the parties upon a week day; the qualifying clause as to ratification being the objectionable feature of this instruction. The second instruction is a substantial repetition of the first. The third instruction is to the effect that the allotment of John Y. Ross, covered by the lease, though at the time of the leasing was done without authority from this allottee, yet, if he afterward received his proportionate share of the rent, it would operate as affirmance of the act of plaintiff, and he should recover the rent for the 160 acres belonging to said John Y. Ross, for 1904. The refusal of the court to instruct the jury that, if it found the lease invalid for any reason, then it should find in favor of the defendant, J. Bostic Company, upon its counterclaim for such amount as was justified by the evidence; also that if it found that plaintiff had leased any of the lands in question

of Joshua Ross, for the year 1904, and had not made final settlement with his said landlord, Ross, for the rent of 1904, then the jury should not allow any recovery for the land so leased of Ross for 1904. That the sixth instruction requested by said J. Bostic Company, that the lease for five years is an entirety for the 960 acres, and it must be so taken by the jury. That the seventh instruction, refused by the court, on behalf of J. Bostic Company, to the effect that if the jury found the plaintiff had not the right to lease the entire tract of 960 acres, then he cannot recover rent for any part of it, for 1904. The eighth instruction asked was to the effect that an agent, without written authority from the principal, would only have power to rent for a year at a time, and, if the jury should find such want of written authority upon the part of the plaintiff, his power to lease would be limited to one year. The ninth and tenth instructions asked by defendant Spangenberg, and refused by the court, were to the effect that, if the evidence showed the lease to have been executed on Sunday, then it was void, and not susceptible of verification. The eleventh instruction requested by said Spangenberg was that, if the evidence showed that plaintiff had not the lawful right to lease the land at the time of the making of the contract, then the issues should be found for him. Further, by the twelfth instruction asked by him to the effect that if plaintiff induced said defendant to lease the lands upon the representation that he (plaintiff) had a valid lease to the land, and that said representation was false, the finding should be for said defendant. The thirteenth instruction asked by said defendant was a direction to the jury that if it believed from the evidence that plaintiff and G. W. Freeling were copartners, or interested in the lease, and should further believe from the evidence that Freeling agreed with the attorney of defendant that he (defendant Spangenberg) need not take possession of said land under said contract, or carry out its terms, and

should further believe from the evidence that such agreement was because of the unsatisfactory condition of the title, then, in such state of the case, the defendant would be released from all liability for the year 1904. The fourteenth instruction asked by defendant was of the same import as the thirteenth. The fifteenth and sixteenth instructions were to the effect that if plaintiff represented to defendants that he had authority to lease the lands named in the contract, and that it was the purpose of all the parties thereto to make and accept a lease of all the lands as an entirety, and that at the time of the making the same plaintiff had no title or right to execute a lease to the whole of the land, this would constitute a breach of the contract on part of the plaintiff, and the verdict should be for defendants.

All these requests were refused by the court upon the ground, as stated in the bill of exceptions, that they were handed in too late for examination by the court. Appellants contend that the record, upon its face contradicts this statement of the court. However, as we view the case, the contention and denial of the requests to instruct are immaterial. If the court was right in its instruction to the jury that the Sunday contract was void, but was susceptible of ratification, then there can be no doubt, under the evidence that it was ratified by the subsequent conduct of both parties and it is equally plain, as a proposition of law, that the defendants were liable for so much of the land as was actually and lawfully leased.. The testimony of Joshua Ross, who leased the land, on behalf of his wife and five children, their allotment, two of which children were infants, without legal guardian, to plaintiff, who further testified that he had written authority from but three of said allottees, which would only authorize him to execute a lease to plaintiff for three allotments for over one year, 1903, and hence he could not give to defendants greater right than he possessed. This was the

trend of the evidence from beginning to end of the case, as shown by the record and the instructions, and as the plaintiff only sought to recover the rent for the whole tract of 960 acres for the year 1904, and as the jury, under the evidence and instructions, found that defendants' lease was only valid as to the three allotments named, and therefore found the amount due, with interest, from defendants for 1904, at $322.80. This it was justified in doing under the evidence and the instructions, if the court was right in giving the law to the jury as to the ratification of the Sunday contract. This is the only matter left for consideration. The statute in force in the Indian Territory with reference to Sunday contracts is that which was adopted from the Arkansas statute by act of Congress, and reads as follows: "Every person who shall, on the Sabbath or Sunday, be found laboring, or shall compel his apprentice or servant to labor or to perform other services than customary household duties, of daily necessity, comfort or charity, on conviction thereof, shall be fined one dollar for each separate offense." See section 1226, Carter's Ind. Ter. Ann. St. 1899. The Supreme Court of Arkansas had construed this statute prior to its said adoption in this jurisdiction, in the case of McKinney vs Demby, 44 Ark. 77, which holds as follows: "A contract of sale made on Sunday is void, but the parties to the contract may, upon a subsequent week day, affirm or adopt the terms of the previously inoperative contract, and so become bound to perform them. Tucker vs West, 29 Ark. 386; Stebbins vs Peck, 8 Gray (Mass.) 553; Bishop on Cont. § 484, and cases cited." Under the well-settled rule of law, the adoption of the statute necessarily carried with it the construction given it prior thereto by the highest tribunal of the state from which it was adopted. While this decision may be counter to the weight of authority upon the doctrine of the ratification of an illegal and prohibited contract under a penal statute, yet we feel bound to follow it, and to hold

that the court below did not commit error in instructing the jury that the contract was susceptible of ratification. The instructions asked by defendants were properly refused, without regard to the ground of refusal given by the court.

A careful examination of the entire record satisfies us that substantial justice has been done, and therefore the judgment is affirmed.

GILL, C. J., and CLAYTON and TOWNSEND, JJ., concur.